**DANIEL R. RAYNAK, P.C.**
Daniel R. Raynak
State Bar No. 10098
2601 N. 16th Street
Phoenix, Arizona 85006
Telephone (602) 992-7776
Facsimile (602) 992-7646
dan@raynaklaw.com
*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ED (minor); Shannon Driver, mother<br><br>    Plaintiffs,<br><br>v.<br><br>Paradise Valley Unified School District; NM (a minor); Erick Molina; Mandelyn Molina; HF (a minor); David Franklin, individually and in his capacity as an employee of Paradise Valley Unified School District, and Kerwin Franklin, individually; Dr. Chad Smith, individually and in his capacity as employee of Paradise Valley Unified School District, and Jane Doe Smith, individually; Patrick Hurley, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hurley, individually; Corri Lacombe individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Lacombe, individually; David Abrams, individually and in his capacity as an | CIVIL CASE NO.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1

employee of Paradise Valley Unified School District, and Jane Doe Abrams, individually; Erin Maloney, individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Maloney, individually; Dana Zupke, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Zupke, individually; Matthew Hanshaw, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hanshaw, individually; Corey Newland individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Newland; John Does I-X, individually, Jane Does I-X, ABC Corporations I-X and XYZ Partnerships I-X,

Defendants.

## COMPLAINT IN A CIVIL ACTION

COME NOW, the Plaintiffs, ED (a minor) and Shannon Driver, by and through their attorney, DANIEL R. RAYNAK of Daniel R. Raynak, P.C. and hereby file this Complaint in this Civil Action as follows:

## JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of rights guaranteed to the Plaintiffs under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2

2. This action is brought against the Defendants for violating Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) (Title IX), and Title IX of the Civil Rights Act.

3. Jurisdiction is founded on 28 U.S.C.A §1331. Supplemental jurisdiction over Plaintiffs' state law claims is also proper pursuant to 28 U.S.C.A. §1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the District of Arizona and the Plaintiffs reside in the District of Arizona.

## PARTIES

5. Plaintiff ED is a minor individual who resides in Maricopa County, Arizona. At all times relevant to these claims, Plaintiff ED was a minor child under the age of eighteen (18) and is still a minor child.

6. Plaintiff Shannon Driver ("Driver"), is the parent of Plaintiff ED. At all times relevant to these claims, Plaintiff Driver has been a resident of Maricopa County, Arizona.

7. Defendant, Paradise Valley Unified School District ("School District"), is a taxing district within the State of Arizona, which administers and funds public schools.  Defendant School District is located in Maricopa County, Arizona.  At all times relevant hereto, the Defendant School District was

3

acting by and through its agents, subsidiaries, officers, employees, and assigns, acting within the full scope of their agency, office, employment, and/or assignment. Pinnacle High School ("High School") is a subdivision of the School District and is a public entity formed pursuant to the laws of the State of Arizona and provides public education to its students.

8. Defendant School District is, and at all times relevant hereto was, an employer in an industry affecting commerce within the meaning of § 701(b) of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e)(b), and receives federal funding pursuant to 20 U.S.C.S. § 1681 (a) and is thus covered by the provisions of Title VII and Title IX of the Civil Rights Act of 1964.

9. Defendant HF is a minor individual, at all times relevant hereto was, and is, a resident of Maricopa County, Arizona. At all times relevant to these claims, Defendant was a minor child under the age of eighteen (18) and is potentially still a minor child.   At all times relevant hereto, Defendants Erick and Mandelyn Molina acted on behalf of their marital community.

10. Defendants David Franklin and Kerwin Franklin ("Franklin") are the parents of Defendant HF.  Defendant David Franklin was during the events related to this action, a Linebacker/Defensive Coordinator/Coach at the High School and an employee of the School District.  Defendants David and Kerwin

Franklin at all times relevant hereto were, and are, residents of Maricopa County, Arizona. Defendant Franklin is sued as an individual and in his representative capacities. Defendant Franklin and Kerwin Franklin acted on behalf of their marital community.

11. Defendant NM is a minor individual, at all times relevant hereto was, and is, a resident of Maricopa County, Arizona. At all times relevant to these claims, Defendant was a minor child under the age of eighteen (18) and is potentially still a minor child.

12. Defendant Dr. Chad Smith ("Smith"), at all times relevant hereto was, and is, a resident of Maricopa County, Arizona, and was during the events related to this action, a Principal at the High School and an employee of the School District. Defendant Smith is sued as an individual and in his representative capacities. It is unknown if Defendant Smith is married or not. At all times relevant hereto, Defendant Smith acted on behalf of his marital community, comprised of himself and Defendant Jane Doe Smith.

13. Defendant Patrick Hurley ("Hurley"), at all times relevant hereto was, and is, a resident of Maricopa County, Arizona, and was during the events related to this action, an Assistant Principal at the High School and an employee of the School District. Defendant Hurley is sued as an individual and in his representative capacities. It is unknown if Defendant Hurley is married or

not. At all times relevant hereto, Defendant Hurley acted on behalf of his marital community, comprised of himself and Defendant Jane Doe Hurley.

14. Defendant Corri Lacombe ("Lacombe"), at all times relevant hereto was, and is, a resident of Maricopa County, Arizona, and was during the events related to this action, a Dean of Students at the High School and an employee of the School District. Defendant Lacombe is sued as an individual and in her representative capacities.  It is unknown if Defendant Lacombe is married or not. At all times relevant hereto, Defendant Lacombe acted on behalf of her marital community, comprised of herself and Defendant John Doe Lacombe.

15. Defendant Dana Zupke ("Zupke"), at all times relevant hereto was, and is, a resident of Maricopa County, Arizona, and was during the events related to this action, a TCH Physical ED/Head Coach at the High School and an employee of the School District. Defendant Zupke is sued as an individual and in his representative capacities.  It is unknown if Defendant Zupke is married or not. At all times relevant hereto, Defendant Zupke acted on behalf of his marital community, comprised of himself and Defendant Jane Doe Zupke.

16. Defendant Matthew Hanshaw ("Hanshaw"), at all times relevant hereto was, and is, a resident of Maricopa County, Arizona, and was during the events related to this action, a TCH Economics/Offensive Coordinator/Coach at the

High School and an employee of the School District. Defendant Hanshaw is sued as an individual and in his representative capacities.  It is unknown if Defendant Hanshaw is married or not. At all times relevant hereto, Defendant Hanshaw acted on behalf of his marital community, comprised of himself and Defendant Jane Doe Hanshaw.

17. Defendant Corey Newland ("Newland"), at all times relevant hereto was, and is, a resident of Maricopa County, Arizona, and was during the events related to this action, an Athletic Director and employee of the School District. Defendant Newland is sued as an individual and in his representative capacities.  It is unknown if Defendant Newland is married or not. At all times relevant hereto, Defendant Newland acted on behalf of his marital community, comprised of himself and Defendant Jane Doe Newland.

18. Hereinafter, Defendants School District, Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland, will be referred to collectively as the "Individual Defendants". Defendant Jane Doe Smith, Hurley, Zupke, Abrams, Hanshaw, Franklin, and Newland, and John Doe Lacombe and Maloney will be referred to as the "Spouse Defendants".

19. Defendants John Does I-X, Jane Does I-X, ABC Corporations I-X and XYZ Partnerships I-X are, upon information and belief, individuals, or business entities, unknown in name and number, that are residents of Maricopa

County, Arizona.  Said Defendants include owners, partners, members, officers, directors, shareholders, employees, agents, assurities, assigns, representatives and/or successors-in-interest, of Defendant School District and/or High School, and their spouses and/or persons or entities otherwise liable to Plaintiffs for their damages. They also include other employees who knew or should have known about the assaultive behavior described herein below who have not yet been identified but may become known through the discovery process.  The true names and identities of said Defendants will be submitted at such time as they become known.

20. At all times relevant hereto, Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland, were working for the School District and were acting under the color of law and within the scope of their employment with the High School.

21.  At all times relevant to this action, the School District had in effect and was responsible for the policies and procedures that govern the conduct of the School District employee Defendants as it relates to their actions and inactions related to Plaintiff ED, as described more fully hereinafter below. The Defendant School District was further responsible for the hiring, training, supervising, monitoring, and disciplining of the Defendant employees of the School District.

22. At all times relevant to this action, the Defendant employees of the School District had a duty to report the below-described abuses to the proper authorities in a timely manner pursuant to C.R.S. §13-3620, C.R.S. § 15-514 and A.R.S. § 13-3623. At all times relevant to this action, the School District and the Defendant employees of the School District failed to take the actions required by them under the aforementioned statutory provisions.

23. The School District had administrative and supervisory authority over the activities of the individual employee Defendants at all times relevant hereto.

24. At all times relevant hereto, the School District had the authority to promulgate rules and regulations regarding the hiring, supervision, and professional conduct of coaches and other employees toward students.

25. At all times relevant hereto, the School District had a duty to aid in the enforcement of laws regulating schools in Arizona.

26. The Defendant employees of the School District have and had a special relationship with Plaintiff and owed him a duty of care to keep him safe from physical and emotional harm while he was in the care of the School District and the High School.

## **FACTUAL ALLEGATIONS**

27. On or around October 23, 2024, Plaintiff ED was a victim of a physical assault and harassment by Defendants NM and HF in this matter. This abuse

was conducted by fellow minor students Defendants NM and HF while the minor Plaintiff ED was a student for the Pinnacle High School, a school in the Paradise Valley School District.

28.  On or around October 23, 2024, Plaintiff ED was in the locker room getting dressed for football practice. He placed his pants on the bench behind him which were then taken from him. Eventually he found his pants, bent over to pick them up and while he was standing up, he was pushed by an unknown student into Defendant NM. Defendant NM then pushed Plaintiff ED and pinned him against the wall.  Plaintiff ED then got pushed into HF, then Defendant HF punched Plaintiff ED in the head.

29. Before going out to the field Plaintiff ED was called to speak with Defendant Hanshaw in his office. Defendant Hanshaw asked Plaintiff ED if this incident was the first time he was harassed and Plaintiff ED told him no.

30. While Plaintiff ED was out on the field and warming up, a few of the senior football players noticed he wasn't well they called him over to ask a few questions per concussion protocol. A couple of those senior football players escorted him to the Athletic Trainer and explained to her what had happened. Defendant Maloney examined Plaintiff ED for a concussion, she then notified Plaintiff Driver to come to the school to pick up Plaintiff ED and sent him home with a Concussion Information Handout.

31. Plaintiff ED went back to the football field to pick up his belongings while he waited for his mother to arrive, he was crying and upset. Defendant Zupke asked about the incident and Plaintiff ED notified him that Defendants NM and HF were involved. Defendant Zupke then yelled at Defendant NM and the other football players. Defendant Zupke then blamed Plaintiff ED for his senior players missing over ten minutes of practice because they took Plaintiff ED to the Athletic Trainer.

32. On or around October 24, 2024, Defendant Maloney sent an email to Plaintiff Driver with a copy of a clinical report she prepared.

33. On or around October 25, 2024, Plaintiff Driver sent an email to Defendant Lacombe requesting a meeting with Defendant Lacombe and Defendant Smith to discuss the incident, she informed him of the following:

> On October 23, 2024, Everett was assaulted by two teammates in the locker room between 4:00 and 5:00 PM. He was knocked unconscious and subsequently evaluated by the trainer. After this assessment, he was sent home with a concussion. Following a consultation with our doctor, he was diagnosed with a moderate to severe concussion as a result of the assault.
>
> Thank you for your attention to this matter. I look forward to your response.

Plaintiff Driver did not receive a response.

34. On or around October 30, 2024, Defendant Maloney examined Plaintiff ED again and sent an email to Plaintiff Driver regarding his condition at the time

she stated: "Everett is still reporting a 1/6 headache so because of that I cannot let him do Stage 4 today (non-contact practice). He retook his ImPACT test today and still isn't at his baseline."

35. On or around October 31, 2024, Defendant Franklin approached Plaintiff ED on the sidelines during a game to question if Plaintiff ED was okay and also if Defendant HF usually harassed him, Plaintiff ED told him no.

36. Also, on or around October 31, 2024, Plaintiff Driver sent a follow-up email to the email she had sent Defendant Lacombe, this email was also addressed to Defendant Smith, and Defendants Abrams and Newland were cc'd.

> This is a follow-up regarding the email and formal meeting request that was sent on Oct. 25th. I would like to formally request a meeting regarding the assault that took place on October 23rd in the school locker room.
> I have spoken with the athletic director, David Abrams, and I want to follow up on our conversation from Monday, October 28th.
> Mr. Abrams informed me that he would allow the coaches to handle the discipline of any students involved. He also mentioned that he would investigate further after our discussion and would get back to me no later than Tuesday, October 29th. However, I have not received any callback or follow-up to date. I am formally requesting the written report that was completed on the incident that occurred.

None of the students were ever disciplined.

37. On or around November 1, 2024, Defendants Zupke and Abrams called out for Plaintiff ED they walked out of the weight room and Defendant Abrams gave a form and pen for Plaintiff ED to fill out. Plaintiff ED sat down with

12

the form but felt unsure, he sent a text to his mother asking if it was okay to fill it out, and she advised him not to without her. Plaintiff ED looked for Defendant Abrams as he had walked away and found him in the weightroom with the class and told him that he couldn't fill out the form at this time and Defendant Abrams said "what do you mean you can't do the form", Plaintiff ED explained that his mom told him to wait and they'll do it together, Defendant Abrams then turned and told Defendant Zupke out loud and mockingly: "Did you hear that Coach, he can't do this without his mommy". Defendants Abrams did speak this in front of the class, who all stared at Plaintiff ED.

38. On or around November 6, 2024, called the Phoenix Police Department to report the incident, and was given the School Resource Officer's information. Plaintiff Driver and Officer Jordan Russell spoke on or around November 7, 2024. The plaintiff gave his report of the incident to the School Resource Officer.

39. Plaintiffs believe, and therefore aver, that at no time did any of the Defendants, including but not limited to the Defendant school district, report the physical assault by Defendants NM and HF to law enforcement. The school resource officer, Officer Jordan Russel, on information and belief, has denied that he was ever notified of the abuse, or notified to the extent that the

actions were reportable as a matter of law.

40. Plaintiff ED suffered the aforementioned abuse during school hours.

41. By assaulting the minor Plaintiff ED, as described hereinbefore above, Defendants NM and HF exhibited intentional and deliberate indifference to the rights of Plaintiff ED.

42. At the time of each of the acts described above, the following Defendants held the following positions of responsibility with the High School and School District.

   A. Dr. Chad Smith – Principal of Pinnacle Hich School

   B. Corri Lacombe – Dean of Students of Pinnacle High School

   C. Corey Newland – Athletic Director for Paradise Valley Unified School District

   D. Erin Maloney – Athletic Trainer for Pinnacle High School

   E. David Abrams – Athletic Director and Administrative Intern for Pinnacle High School

   F. Patrick Hurley – Assistant Principal for Pinnacle High School

   G. Dana Zupke – Coach for Pinnacle High School

   H. Matthew Hanschaw – Coach for Pinnacle High School

   I. David Franklin – Coach for Pinnacle High School

43. At all times relevant hereto, Defendants Smith, Hurley, Lacombe, Zupke,

Abrams, Hanshaw, Franklin, Maloney, and Newland were charged with the duty to protect the minor Plaintiff from the types of attack described hereinbefore above.   Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland failed to report this attack to the proper authorities, notwithstanding that they were legally obligated to do so, or to otherwise take any actions to protect Plaintiff ED.

44. At all times relevant hereto, the Defendant School District and Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland were responsible to aid in the enforcement of laws regulating schools, and to ensure that all of the rules and regulations pertaining to the High School and the minor Plaintiff of that high school were followed, including but not limited to ensuring that Plaintiff ED, was protected from physical attack of the type that was visited upon Plaintiff ED.

45. The School District is responsible for the overall administration and supervision of the professional conduct of administrators and school employees toward the school staff, parents, students, and the community at large, including but not limited to those employees of the High School, including Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland. At all times relevant hereto, Defendant school district had the authority to promulgate rules and regulations regarding

the hiring, the supervision of, and the professional conduct of the High School staff, including, but not limited to, Defendants.

46. Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland had a duty under state law to report the allegations of assault described to them by Plaintiff ED, and to request an investigation from state authorities regarding these allegations.  Rather than fulfill their legal obligation to report the conduct of the minor Defendants, Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland took no action regarding the aforementioned assault and failed to timely report the assault to the proper authorities. Therefore, Defendants above exhibited deliberate and intentional indifference to the rights of Plaintiff ED and to their duty as mandated reporters.

47. Plaintiffs believe, and therefore aver, that Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland conspired to conceal the unlawful, injurious attack on Plaintiff ED, and that these Defendants knew of, and yet deliberately failed to report such an act by expressly and/or tacitly agreeing that minor Defendants HF's and NM's conduct would not be reported to proper authorities by any Defendant.

48. As a direct and proximate result of the actions and inaction of the individual Defendants, and each of them, as described hereinbefore above, include acts

16

of negligence and acts of deliberate and intentional indifference, Plaintiff ED has suffered physical harm, as well as severe emotional distress, and will continue to suffer such injuries for an indefinite period in the future.

49. As a further direct and proximate result of the negligent and intentional conduct of the Defendants as described above, Plaintiff ED has or will incur medical, therapeutic, and other expenses, and will continue to do so for an indefinite period into the future.

50. Furthermore, Plaintiff ED, together with his parent, Plaintiff Shannon Driver, has suffered a loss of consortium by and between each other as a direct and proximate result of the actions of the Defendants.

**COUNT I:**
**PLAINTIFF ED v. ALL INDIVIDUAL AND SPOUSE DEFENDANTS**

**VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**<u>DUE PROCESS</u>**

51. Plaintiff ED incorporates by reference Paragraphs 1 through 50 as though fully set forth at length herein.

52. The individual Defendants, and each of them, owed a duty to the minor Plaintiff to protect him from harm, including harm from each other during school hours, including, but not limited to, during after-school extracurricular

17

activities, and both on and off school property when under their supervision and care.

53. Notwithstanding the foregoing, the Defendants, and each of them:

    A. failed to properly investigate the information that they had in their possession regarding the aforementioned attack;

    B. failed to take any corrective action against the individual Defendants; and

    C. otherwise failed to take any steps to ensure that the minor Plaintiff would not be subject to attacks of the type described above in the future.

54. In failing to act as described above, the Defendants, and each of them, exposed the minor Plaintiff to the type of attacks described above, and, therefore, to the propensity for harm from minor Defendants HF and NM, and thereby willfully disregarded the safety of the Plaintiff. The actions and inaction of the Defendants, and each of them, exposed the minor Plaintiff to assaults by minor Defendants HF and NM .

55. The actions and failures of the Defendants, and each of them, to investigate the incident described above, or to take any corrective action whatsoever, constitutes a willful disregard and a deliberate indifference to the safety and welfare of the minor Plaintiff.

18

56. The actions and failures of the Defendants, and each of them, as aforementioned, created the opportunity for injury and harm to the minor Plaintiff that would not have existed but for the actions and failures of the Defendants as aforementioned.

57. The actions and failures of the Defendants, and each of them, to take the actions described above, created a foreseeable danger to the minor Plaintiff, and the failure to act, and/or the failure to refrain from acting as described herein, by the Defendants, and each of them, constitutes a willful disregard and a deliberate indifference to the rights of the minor Plaintiff.  In so doing, the Defendants, and each of them, failed in their affirmative duty to protect the minor Plaintiff from the attacks which he suffered as described herein.

58. As a direct and proximate result of the conduct of the Defendants as described hereinbefore above, the minor Plaintiff has suffered the following injuries and damages, which may be permanent in nature:

   A. violation of his constitutional rights under 42. U.S.C. §1983 and the Fourteenth Amendment;

   B. severe emotional distress, shock, horror, fright, and psychological trauma;

   C. physical manifestations of the emotional distress that he has suffered, including but not limited to, PTSD, anxiety and suicidal ideation;

D. economic damages related to any and all medical, legal, and/or other consequential costs; and

E. such other damages may become apparent through the discovery process.

59. The actions of the Defendants, and each of them, were willful, and deliberate and were done with a reckless disregard for the rights of the minor Plaintiff with the attendant purpose to injure or damage the wellbeing of the Plaintiff,

60. Because the individual Defendants may be married, and acting on behalf of their respective marital communities, which included their respective spouses, the Spouse Defendants are liable to Plaintiff ED to the same extent as the individual Defendants.

WHEREFORE, the Plaintiffs, and each of them, demand compensatory general damages against these Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre-and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

**JURY TRIAL DEMANDED**

## COUNT II:

### PLAINTIFF ED v. DEFENDANT SCHOOL DISTRICT

### VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

### MUNICIPAL LIABILITY

61. Plaintiff ED incorporates by reference Paragraphs 1 through 60 as though fully set forth at length herein.

62. Plaintiff ED claims damages for injuries set forth herein under § 1983 of the Civil Rights Act against Defendant School District for violation of Plaintiff's constitutional rights under color of law.

63. As aforementioned, the conduct of the individual employee Defendants in this matter caused the Plaintiff's injuries and damages as set forth more fully hereinbefore above.

64. The individual Defendants' actions and failures described above demonstrate a failure to properly train, supervise, control, and discipline the individual employee Defendants by Defendant School District by the proper methods and procedures by which to protect the minor Plaintiff from the dangerous conditions that resulted in the aforementioned injuries and damages.

65. Plaintiff ED avers that this failure to train, supervise, control, or discipline the individual employee Defendants led to Plaintiff suffering, injuries and

damages as described above.

66. Plaintiff ED avers that this failure to train, supervise, control, and/or discipline the individual employee Defendants has led to numerous violations of constitutional rights against the minor Plaintiff.

67. Defendant School District has failed to correct these deficiencies in training, supervision, control, and/or discipline and had so failed at the time of the incidents in this matter.

68. The pattern of constitutional violations caused by the failure of Defendant School District to train, supervise, control and/or discipline the individual employee Defendants evidences a deliberate indifference to the rights of the Plaintiff.

69. The failure of the Defendant School District to properly train, supervise, control, and discipline the individual Defendants created a substantial risk of the constitutional violations identified herein.

70. By reason of the aforesaid conduct, the Plaintiff's civil rights, as guaranteed by 42 U.S.C. §1983 and the Fourteenth Amendment to the Constitution of the United States, were violated by the Defendant School District.

71. As alleged herein, the established customs, practices, patterns and official policies of the Defendant School District constituted a substantial risk of constitutional deprivation, and, as a direct and proximate result of which,

Plaintiff ED has sustained the following injuries and damages, which may be permanent in nature:

    A. violation of his constitutional rights under 42. U.S.C. §1983 and the Fourteenth Amendment;

    B. severe emotional, distress, shock, horror, fright, and psychological trauma;

    C. physical manifestations of the emotional distress that she has suffered, including but not limited to, nausea, sleep problems, headache;

    D. economic damages related to any and all medical, legal and/or other consequential costs;

    E. such other damages may become apparent through the discovery process.

WHEREFORE, Plaintiff ED demands compensatory general damages against the Defendant School District in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

**JURY TRIAL DEMANDED**

**COUNT III:**
**PLAINTIFF ED v. DEFENDANT SCHOOL DISTRICT**
**VIOLATION OF PLAINTIFFS'S CONSTITUTIONAL RIGHTS**

**<u>UNDER TITLE IX</u>**

72. Plaintiff ED incorporates by reference Paragraphs 1 through 71 as though fully set forth at length herein.

73. Plaintiff ED believes, and therefore avers, that Defendant School District receives and accepts federal funding sufficient to invoke the jurisdiction of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq.

74. The actions and failures of the individual Defendants, described hereinbefore above, created a hostile educational environment at the High School and in those areas of Defendant School District in which the minor Plaintiff was physically and assaulted by minor Defendants, as described hereinbefore above.

75. As a direct and proximate result of the aforementioned actions and failures on the part of the individual Defendants, Plaintiff ED has suffered injuries and damages as more fully described hereinbefore above.

WHEREFORE, Plaintiff ED demands compensatory general damages against the Defendant School District, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as

permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

**JURY TRIAL DEMANDED**

**COUNT IV:**

**PLAINTIFF ED v. SCHOOL INDIVIDUAL AND SPOUSE DEFENDANTS**

**VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS SPECIFICALLY, 42 U.S.C. §1983 AND THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

**<u>CONSPIRACY</u>**

76. Plaintiff ED incorporates by reference Paragraphs 1 through 75 as though fully set forth at length herein.

77. As alleged hereinbefore above, Plaintiff ED believes, and therefore avers, that Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland conspired to conceal minor Defendants unlawful injurious attacks on the minor Plaintiff.

78. By expressly and/or tacitly agreeing that minor Defendants' conduct would not be reported to proper authorities by any Defendant, the above-named Individual Defendants acted with a common purpose and conspired to endanger the welfare of the minor Plaintiff, in violation of the Fourteenth Amendment of the Constitution, as well as Arizona law.

79. Plaintiff ED has standing to bring this claim because he was the minor who

was assaulted as described above as a result of this conspiracy between the individual Defendants to endanger the welfare of the Plaintiff.

80. The individual Defendants, as well as potentially other individuals associated with the Defendant School District and the High School, each had information about the assault of the minor Plaintiff, as described above, but maintained silence about these facts and otherwise took no corrective or investigative action with respect to the conduct of minor Defendants as described hereinbefore above.

81. The collective silence of the individual Defendants constituted acts in pursuance or furtherance of the common purpose of this conspiracy, which was to endanger the welfare of the Plaintiff.

82. The actions and failures of the individual Defendants directly injured the minor Plaintiff by creating an unsafe environment in which to participate in school activities.  Moreover, the individual Defendants took no adequate measures prior to and after the incidents of assault described above to prevent such incidents from reoccurring.

83. Furthermore, the individual Defendants concealed the facts regarding the assaults of the minor Plaintiff from various individuals.

84. When reports about the assaults of the minor Plaintiff were made to the individual employees Defendants Smith, Hurley, Lacombe, Zupke, Abrams,

Hanshaw, Franklin, Maloney, and Newland those reports were ignored by Defendant Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland, who took no action to investigate the incidents or to prevent the incidents from occurring or to punish the persons responsible for those incidents.

85. The aforementioned actions and failures of the individual Defendants described above were committed with malice and with the intent that the welfare of the minor Plaintiff, as well as other children within the Defendant School District, would be endangered.

86. As a direct and proximate result of the actions and failures of the individual Defendants described above, the minor Plaintiff has suffered injuries and damages as set forth more fully hereinbefore above.

87. The actions of the individual employee Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff with the attendant purpose to injure or damage the wellbeing of the Plaintiff,

88. Because the individual Defendants are married, and acting on behalf of their respective marital communities, which includes their respective spouses, the Spouse Defendants are liable to the Plaintiff to the same extent as the individual Defendants.

WHEREFORE, Plaintiff ED demands compensatory general damages against these Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

### JURY TRIAL DEMANDED

### COUNT V:
### PLAINTIFF ED v. DEFENDANTS HF AND NM
### <u>COMMON LAW ASSAULT AND BATTERY</u>

89. Plaintiff ED incorporates by reference Paragraphs 1 through 88 as though fully set forth at length herein.

90. Defendant HF and NM intentionally, willfully and maliciously attacked, and assaulted, the minor Plaintiff, as described hereinbefore above, thereby committing Common Law assault and battery upon the person of the minor Plaintiff.

91. As a direct and proximate result of the aforementioned willful, malicious and intentional actions, the minor Plaintiff was damaged as described more fully above by the actions of minor Defendants HF and NM.

92. The actions of minor Defendants HF and NM were willful, deliberate and

were done with a reckless disregard for the rights of the Plaintiff with the attendant purpose to injure or damage the wellbeing of the Plaintiff.

WHEREFORE, Plaintiff ED demands compensatory general damages against minor Defendants HF and NM in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

**JURY TRIAL DEMANDED**

**COUNT VI:**

**PLAINTIFF ED v. MINOR DEFENDANTS HF AND NM**

**COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

93. Plaintiff ED incorporates by reference Paragraphs 1 through 92 as though fully set forth at length herein.

94. The illegal and/or improper conduct by minor Defendants HF and NM against Plaintiff ED as described hereinbefore above, was undertaken or instituted by minor Defendants HF and NM .

95. The actions of minor Defendants HF and NM were intentional, extreme, outrageous, without privilege, and without justification.

96. Minor Defendants HF and NM knew or should have known, through the use

of ordinary caution, that their conduct would result in the emotional distress of the Plaintiff.

97. As a direct and proximate result of the actions of minor Defendants HF and NM as aforementioned, Plaintiff ED suffered severe emotional distress. The emotional distress of Plaintiff ED, which resulted from the conduct of the Defendant, as aforementioned, was foreseeable and certain.

98. As a direct and proximate result of the actions of minor Defendants HF and NM, Plaintiff ED suffered injuries and damages as more fully described hereinbefore above.

99. The actions of minor Defendants HF and NM were willful, deliberate and were done with a reckless disregard for the rights of Plaintiff ED with the attendant purpose to injure or damage the wellbeing of Plaintiff ED. WHEREFORE, Plaintiff ED demands compensatory general damages against minor Defendants HF and NM in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

**JURY TRIAL DEMANDED**

30

## COUNT VII:

## ALL PLAINTIFFS v. ALL DEFENDANTS

## COMMON LAW LOSS OF CONSORTIUM

100.  Plaintiffs incorporate by reference Paragraphs 1 through 99 as though fully set forth at length herein.

101.  Plaintiff ED, together with his parent has suffered a loss of consortium by and between each other as a direct and proximate result of the actions of the Defendants, and each of them.

102.  As a direct and proximate result of the aforementioned willful, malicious and intentional actions, Plaintiffs have suffered injuries and damages described more fully hereinbefore above.

103.  In addition to those injuries and damages described hereinbefore above, as a direct and proximate result of the actions of the Defendants, and each of them, described hereinbefore above, the Plaintiff ED has become withdrawn, easily angered, depressed, anxious and has not engaged in the same types of activities in which he regularly engaged with his parent, before being assaulted by minor Defendants HF and NM  as described above.

104.  The actions of the Defendants, and each of them, were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiffs with

the attendant purpose of injuring or damaging the wellbeing of the Plaintiffs.

WHEREFORE, the Plaintiffs, and each of them, demands compensatory general damages against the Defendants, and each of them, jointly and severally, in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

**JURY TRIAL DEMANDED**

**COUNT X:**
**PLAINTIFF ED v. INDIVIDUAL DEFENDANTS SMITH, HURLEY, LACOMBE, ZUPKE, ABRAMS, HANSHAW, FRANKLIN, MALONEY, AND NEWLAND AND SPOUSE DEFENDANTS**

**ARIZONA REVISED STATUTE 13-3620**

**FAILURE TO REPORT; NEGLIGENCE PER SE**

105. Plaintiff ED incorporates by reference Paragraphs 1 through 104 as though fully set forth at length herein.

106. Arizona Revised Statute 13-3620 requires that the individual Defendants named in this count make a report to the proper authorities of the physical assaults described hereinbefore above.

107. The reporting requirement described above is mandatory.

108. In addition to the reporting requirements described above, the

aforementioned statute requires that the individuals named in this count provide a written report to the appropriate authorities within seventy-two (72) hours of learning of the suspected assault. Defendants School District and its employees and/or representatives, including but not limited to the individual Defendant named herein, were required to cause such oral and written reports to be made once they had reason to know or reasonably believe that the aforementioned assaults occurred.

109. Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland failed to comply with this reporting requirement.

110. The failure of the individual Defendants named in this count to make the proper mandatory report of the suspected abuse constitutes a breach of A.R.S. § 13-3620 and constitutes negligence per se.

111. Despite having reasonable basis to believe that the Plaintiff had been assaulted, Defendants Smith, Hurley, Lacombe, Zupke, Abrams, Hanshaw, Franklin, Maloney, and Newland, individually and as the agents and employees of the Defendant school district, failed to report these actions to either child protective services, to a peace officer or to other appropriate authority.

112. As a direct and proximate result of the failure on the part of Defendants to report the assaults described hereinbefore above, Plaintiff ED has suffered

injuries and damages as more fully set forth hereinbefore.

113. The actions of Defendant were willful, and deliberate and were done with a reckless disregard for the rights of Plaintiff ED with the attendant purpose to injure or damage the wellbeing of Plaintiff ED.

WHEREFORE, Plaintiff ED demands compensatory general damages against the Defendant in an amount to be proven at trial; compensatory special damages including, but not limited to, medical expenses; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

**JURY TRIAL DEMANDED**

RESPECTFULLY SUBMITTED this 10th day of July, 2025.

**DANIEL R. RAYNAK, P.C.**

*/s/ Daniel R. Raynak*
Daniel R. Raynak
Attorney for Plaintiffs