Bradley R. Jardine, AZ State Bar No. 005657
**JARDINE, BAKER, HICKMAN & HOUSTON, P.L.L.C.**
3636 North Central Avenue, Suite 560
Phoenix, Arizona 85012
Phone:  (602) 532-5230
Facsimile:  (602) 200-9114
e-mail:  bjardine@jbhhlaw.com

*Attorney for PVUSD District Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ED (minor); Shannon Driver, mother,<br><br>Plaintiffs,<br>-vs-<br><br>Paradise Valley Unified School District; NM (a minor); Erick Molina; Mandelyn Molina; HF (a minor): David Franklin, individually and in his capacity as an employee of Paradise Valley Unified School District, and Ke1win Franklin, individually; Dr. Chad Smith, individually and in his capacity as employee of Paradise Valley Unified School District, and Jane Doe Smith, individually; Patrick Hurley, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hurley, individually; Corri Lacombe individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Lacombe, individually; David Abrams, individually and in his capacity as an employee of Paradise Va1ley Unified School District, and Jane Doe Abrams, individually; Erin Maloney, individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Maloney, individually; Dana Zupke, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Zupke, individually; Matthew Hanshaw, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hanshaw, individually; Corey Newland individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Newland; John Does I-X, individually, Jane Does I-X, ABC Corporations I-X and XYZ Pai1nerships I-X,<br><br>Defendants. | No. 2:25-cv-02412-DJH<br><br>**SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS** |

- 1 -

School District Defendants respectfully request this Court dismiss this lawsuit because it does not raise any identifiable federal question. While it is correct that Plaintiffs *allege* that they have stated claims arising under 42 U.S.C. § 1983 (for alleged violation of Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution), 20 U.S.C. § 1681(a) and Title IX of the Civil Rights Act (Complaint ¶ 2), a comparison of the factual allegations to that Constitutional provision and those statutes reveals that Plaintiffs have failed to state a claim under any of those federal laws and accordingly have failed to plead a case that invokes this Court's jurisdiction pursuant to 28 U.S.C.A. § 1331 (Complaint ¶ 3). Accordingly, dismissal is warranted. If Plaintiffs believe they have state tort claims, they can file a lawsuit in state court to address those claims.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

## FACTUAL ALLEGATIONS

Plaintiffs allege that on or around October 23, 2024, Plaintiff ED "was a victim of a physical assault and harassment by Defendants NM and HF" (both of whom are minors). (Complaint ¶¶ 5, 9, 11, 27). This altercation occurred at school. (Complaint ¶ 27). More specifically, Plaintiffs allege this was a shoving match between the three boys while in the locker room getting dressed for football practice. (Complaint ¶ 28). Plaintiffs' Complaint continues to make allegations about various discussions and emails concerning the incident and the alleged failure to respond thereto or take appropriate action. (Complaint ¶¶ 29-40).

## LEGAL ARGUMENT

A Rule 12(b)(6) motion to dismiss should be granted if, accepting all of the plaintiff's allegations as true, the plaintiff cannot prove a set of facts which would entitle him to relief. *Baker v. McNeil Island Corrections Ctr.*, 859 F.2d 124, 127 (9th Cir. 1988).

---

[1] School District Defendants may have additional defenses and preserve those at this time. They may be entitled to federal and/or state absolute or qualified immunity. They may have notice of claim defenses. They may have additional Rule 12 defenses. Of course, they deny Plaintiffs' version of events.

**I.    COUNT I FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Count I of Plaintiffs' Complaint is entitled "Plaintiff ED v. All Individual and Spouse Defendants Violation of the Plaintiff's Constitutional Rights, Specifically, 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution Due Process."  Count I relies on the factual allegations paraphrased above and upon the allegations that the individual Defendants owed a tort duty to Plaintiff ED to protect him from harm; that they failed to properly investigate the information they had regarding the "attack"; that they failed to take any corrective action against the individual Defendants; and otherwise failed to make sure Plaintiff ED would not be subject to any attacks.  (Complaint ¶¶ 50-52).[2]

Frankly, the allegations are simple state tort allegations disguised as constitutional claims.  The allegations set forth a duty (to protect Plaintiff ED from harm) and an alleged breach of that duty (by failing to investigate the "attack"; by failing to take any corrective action against the individual Defendants; by failing to take any steps to ensure Plaintiff ED would not be subject to attacks).  In some vague and unspecified way, these alleged actions and alleged inactions deprived Plaintiff ED of his Fourteenth Amendment right to due process.

Despite a diligent nationwide federal research, School District Defendants were unable to locate a case in which a single incident of student-on-student shoving with an allegedly inadequate investigation/response **after** the fact was deemed sufficient to support a federal constitutional claim such as the one Plaintiffs assert here, much less a case holding that such allegations could provide the basis for a due process claim.

Section 1 of the Fourteenth Amendment to the United States Constitution provides:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.  No

---

[2] Although Defendants NM and HF have not been excluded from the category of "individual Defendants," Plaintiffs have not included any factual allegations that would make them state actors and thus liable for the alleged violation of Plaintiffs' constitutional rights pursuant to § 1983.  Plaintiffs have alleged only that Defendants NM and HF were students.  (Complaint ¶¶ 9, 11).

State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

42 U.S.C. § 1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

"Title 42 U.S.C. § 1983 provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).[3]

Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). Here, Plaintiffs are attempting to use the procedural vehicle established by § 1983 to seek redress for alleged violation of Plaintiff ED's Fourteenth Amendment right to due process.

Plaintiffs have not identified which due process right was allegedly violated – substantive or procedural. Accordingly, School District Defendants address both.

**A.      Substantive due process.**

The United States Supreme Court has held that "[a]s a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Albright v. Oliver*, 510 U.S. 266, 271-272 (1994). "The protections of substantive due process have for

---

[3] As stated in note 2 above, Plaintiffs do not allege that minor Defendants NM and HF were state actors.

the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Id.*  Despite diligent research, School District Defendants have not located any case applying substantive due process to a claim based upon a shoving match between minor students or to conversations and emails that followed that shoving match.  Given the Supreme Court's reluctance to expand the concept of substantive due process, it would be illogical to presume the Supreme Court would apply it to such an incident.  After all, this is not a case in which the School District had a policy encouraging students to push each other.  It is a case involving an impromptu shoving match between boys in a locker room.

Although District Defendants could not locate any federal cases nationwide addressing due process claims in the context of a one-off shoving incident between boys before football practice in a school locker room, they did locate a federal case discussing students' due process rights that were allegedly violated when the students were subjected to racially discriminatory bullying by other students.  *Hill v. Blount County Board of Education*, 203 F.Supp.3d 871 (E.D.Tenn. 2016).

In that case two Asian high school students claimed that they were harassed and bullied because of their Asian descent.  203 F.Supp.3d at 877-878.  The court first addressed the plaintiffs' claims for alleged violation of their substantive due process rights under the Fourteenth Amendment.  203 F.Supp. 3d at 878-879.  Relying on precedent from the United States Supreme Court, the court first held that "nothing in the language of the Due Process Clause itself requires the state to protect the life, liberty, and property of its citizens against invasions by private actors."  203 F.Supp. 3d at 878, *citing DeShaney v. Winnebago Cnty Dept. of Soc. Servs.*, 489 U.S. 189, 195 (1989).  That is, "it is not a constitutional violation for a state actor to fail to rescue those in need, and the state has no constitutional duty to protect or rescue its citizens."  *Id.*, *citing Peete v. Metro. Gov't*, 486 F.3d 217, 223 (6th Cir. 2007).  "Exceptions to this rule apply when (1) the state has custody of the person in need or some other 'special relationship' that heightens their responsibility to care for a particular citizen; or (2) when a state actor acts affirmatively to create or greatly increases the risk of harm to its citizens."  *Id.*, *citing DeShaney*; *see also Patel v. Kent School District*, 648 F.3d 965, 971 (9th Cir. 2011)

(dismissing student's § 1983 claim for violation of her Fourteenth Amendment rights for failing to protect her and declining to exercise supplemental jurisdiction over her remaining state-law claims).

The *Hill* plaintiffs, like Plaintiff ED here, did not allege that they were in state custody or that any special relationship existed among the students and the school that would have imposed on the school a heightened level of responsibility for their care and protection. 203 F.Supp.3d at 879. "While it may seem that a school should provide a safe and supportive environment for the students in its care, **it is well settled that a school does not meet the requisite level of control over its students to give rise to a constitutional duty to protect.**" 203 F.Supp.3d at 879, *citing Vidovic v. Mentor city Sch. Dist.*, 921 F.Supp.2d 775, 791 (N.D.Ohio 2013) (emphasis added); *see also Patel*, 648 F.3d at 972-973 (first exception applies only where state takes person into its custody and holds him there against his will; combining mandatory school attendance with the doctrine of *in loco parentis* is insufficient to invoke the exception). Accordingly, the first exception to the general rule does not apply.

"Under the state-created danger exception, liability may be assessed to the state if it causes or greatly increases the risk of harm to its citizens without due process of law through its own affirmative acts." 203 F.Supp. at 879, *citing Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1998); *see also Patel*, 648 F.3d at 974-976. "A state-created danger claim must establish three elements: (1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff." *Id*., *citing Jones v. Reynolds*, 438 F.3d 685, 690 (6th Cir. 2006). "This is a particularly demanding standard requiring that the state's affirmative action exposed the plaintiff to a danger *plaintiff was not already subject to*." *Id*., *citing Sargi v. Kent City Bd. Of Ed.*, 70 F.3d 907-910-11 (6th Cir. 1995).

The *Hill* plaintiffs, like Plaintiff ED here, did not make any allegations of affirmative acts by the school to create or increase a risk of harm to them, nor could they since no basis

exists for such claims.  The United States Supreme Court has clearly held that a "failure to act, even with knowledge that a risk of harm may exist without state intervention, is not enough to confer liability under the Fourteenth Amendment."  203 F.Supp.3d at 879, *citing Deshaney*, 489 U.S. at 197.  The basis of the *Hill* lawsuit, as well as Plaintiff ED's Complaint, is that the school failed to act.  Accordingly, the second exception does not apply.

As the *Hill* court held: "Based on the existing case law, the school had no constitutional duty to protect or rescue plaintiffs from harm imposed by other students.  Plaintiffs have <u>not</u> established that the school's alleged failure to stop the bullying plaintiffs suffered constitutes a violation of their substantive due process rights under the Fourteenth Amendment."  Similarly, in this case Plaintiff ED's claim for violation of his substantive due process rights under the Fourteenth Amendment to the United States Constitution fails to state a claim upon which relief can be granted.

**B.    Procedural due process.**

As for the Fourteenth Amendment's procedural due process protections, in order to succeed on that claim the person who alleges the violation must prove "(1) a protectible liberty or property interest …; and (2) a denial of adequate procedural protections."  *Howe v. County of Mendocino*, No. 21-16665 (9th Cir. 2022), *quoting Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005).  Plaintiff ED must also show that the school did not afford him "adequate procedural rights prior to depriving [him] of that protected interest."  203 F.Supp.3d at 880, *citing Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009).  For example, before a student can be suspended from school for 10 days or less, due process requires "that the student be given oral or written notice of the charges against him and, if he denies them, an explanation of the evidence the authorities have and an opportunity to present his side of the story."  *Id*., *citing Goss v. Lopez*, 419 U.S. 565 581 (1975).

Procedural due process requirements have no application to this case.  Plaintiffs have not identified any liberty or property interest that was invaded through a denial of adequate procedural protections.  They seem to claim that if the other students involved had been disciplined or if the school personnel had been called to account in some fashion for the

altercation and/or the response, the incident would not have occurred. Yet what Plaintiffs' complain about were all actions after the incident. They have not identified what process was due Plaintiff ED that would have or could have prevented the spontaneous, impromptu shoving match in the locker room. The claim for procedural due process fails.

In sum, Plaintiff ED fails to state a claim upon which relief can be granted for alleged violation of his Fourteenth Amendment due process rights.

## II.    COUNT II FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Count II of Plaintiffs' Complaint is entitled "Plaintiff ED v. Defendant School District Violation of the Plaintiff's Constitutional Rights Specifically, 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution Municipal Liability." Plaintiffs base their claim on the factual allegations paraphrased above, as well as allegations of *respondeat superior* and failure to train, supervise, control and discipline individual employee Defendants. (Complaint ¶¶ 61-70).

Municipal liability under § 1983 does not support claims based upon allegations such as these. First, the United States Supreme Court long ago held the doctrine of *respondeat superior* does not apply to municipalities in § 1983 actions. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). It is only when "execution of a municipality's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts injury that a municipality is responsible under § 1983." 203 F.Supp.3d at 885, *citing Garner v. Memphis Police Dept.*, 8 F.3d 358 (6th Cir. 1993). In order to hold the School District liable, Plaintiff ED must prove he asserted the deprivation of a constitutional right and that the School District is responsible for the violation because of an official policy or custom. *Id*. Plaintiff ED must show "the particular injury was incurred because of the execution of a policy." *Id*.

Plaintiff ED has not alleged the existence of a School District policy that allegedly caused the violation of his Fourteenth Amendment due process rights. That is, he has not

alleged any School District policy that existed prior to the shoving incident, much less a policy or procedure that could have prevented the incident.

Instead, Plaintiff ED alleges that following the incident, the School District failed to act in response to the shoving incident. To establish a valid claim under this theory, Plaintiff ED would need to allege and prove: "(1) the existence of a clear and persistent pattern of [shoving] by school employees, not just students; (2) which the school [district/employees] knew or should have known about; (3) the school [district's] approval of the unconstitutional conduct 'such that their deliberate indifference in their failure to act can be said to amount to an official policy of inaction;' and (4) the school [district's] policy was the 'moving force or direct causal link in the constitutional deprivation.'" 203 F.Supp.3d at 885.[4] The absurdity of such claims is self-evident, Plaintiff ED has neither alleged nor can he show that his alleged constitutional injury was caused through the execution of School District policy. *Id*.

Plaintiff ED has not pled a claim for violation of his constitutional rights and thus cannot plead a claim premised upon the theory of "municipal liability" for violation of his constitutional rights. Further, Plaintiff ED has not alleged any School District policy that caused the violation of his constitutional rights. At most, he complains about alleged inactions *after the incident at issue* which is insufficient as a matter of law to support a claim based on municipal liability theory.

Finally, and fundamentally, Plaintiff ED has not identified any action any of the School District Defendants could have taken that would have prevented the shoving incident in the locker room

Plaintiff ED fails to allege a claim for municipal liability for alleged violation of his due process rights.

---

[4] "'Deliberate indifference in this context does not mean a collection of sloppy, or even reckless, oversights; it means evidence showing an obvious, deliberate indifference to … abuse.'" 203 F.Supp.3d at 885.

**III    COUNT III FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Count III is entitled "Plaintiff ED v. Defendant School District Violation of Plaintiffs's [sic] Constitutional Rights under Title IX." Plaintiffs base the claim on the factual allegations paraphrased above and further allege the School District receives federal funding and accordingly the School District can be held liable for violating 20 U.S.C. §1681 by creating a "hostile educational environment" "in which the minor Plaintiff was physically and [sic] assaulted by minor Defendants." (Complaint ¶¶ 72-74).

20 U.S.C. § 1681 provides, in pertinent part:

§ 1681. Sex

(a)    Prohibition against discrimination; exceptions

No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, except that: …

None of the exceptions in the statute appear to apply.

The Complaint asserts no allegation that Plaintiff ED was discriminated against by the School District (or anyone) on the basis of sex. No such claim exists. One need look no further to see that Plaintiffs have failed to state a claim upon which relief can be granted for alleged violation of Title IX.

**IV.    COUNT IV FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Count IV of Plaintiffs' Complaint is entitled "Plaintiff ED v. School Individual and Spouse Defendants Violation of Plaintiff's Constitutional Rights Specifically, 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution Conspiracy." Plaintiffs rely on the factual allegations paraphrased above and further allege that certain individual Defendants "conspired to conceal minor Defendants [sic] unlawful injurious attacks on the minor Plaintiff." (Complaint ¶¶ 76-86).

As for the conspiracy claim alleged in Count IV, the Fourteenth Amendment does not contain any constitutional right to be free from conspiracies. In any event, the alleged conspiracy -- alleged to be a conspiracy to conceal the altercation – occurred _after_ the altercation. Plaintiffs have not alleged how actions taken after the altercation could have caused the alleged altercation. Again, their claim fails.

**V.      THIS CASE SHOULD BE DISMISSED.**

Plaintiffs allege this Court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives this Court jurisdiction over federal questions. Because Plaintiffs failed to state a federal claim upon which relief can be granted, this Court lacks federal question jurisdiction. This Court should refuse to exercise supplemental jurisdiction over state claims, allowing the citizens of Arizona to resolve these tort-based claims in state courts should Plaintiffs elect to pursue tort claims in state court. _See Patel, supra_.

**CONCLUSION**

Based upon the foregoing, School District Defendants respectfully request this Court dismiss this lawsuit.

DATED this 3rd day of September, 2025.

JARDINE, BAKER, HICKMAN & HOUSTON, P.L.L.C.

By:    s/ Bradley R. Jardine
Bradley R. Jardine
3636 North Central Avenue, Suite 560
Phoenix, Arizona 85012
_Attorneys for PVUSD District Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to those attorneys registered with CM/ECF:

Daniel R. Raynak
Daniel R. Raynak, P.C.
2601 N. 16th Street
Phoenix, AZ 85006
dan@raynaklaw.com
*Attorneys for Plaintiffs*

s/Chris Czajkowski