**DANIEL R. RAYNAK, P.C.**
Daniel R. Raynak
State Bar No. 10098
2601 N. 16th Street
Phoenix, Arizona 85006
Telephone (602) 992-7776
Facsimile (602) 992-7646
dan@raynaklaw.com
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| ED (minor); Shannon Driver, mother | CIVIL CASE NO.: CV-25-02412-DJH |
| Plaintiffs, | |
| v. | **PLAINTIFFS' RESPONSE TO DEFENDANT SCHOOL DISTRICTS' MOTION TO DISMISS** |
| Paradise Valley Unified School District; NM (a minor); Erick Molina; Mandelyn Molina; HF (a minor); David Franklin, individually and in his capacity as an employee of Paradise Valley Unified School District, and Kerwin Franklin, individually; Dr. Chad Smith, individually and in his capacity as employee of Paradise Valley Unified School District, and Jane Doe Smith, individually; Patrick Hurley, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hurley, individually; Corri Lacombe individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Lacombe, individually; David Abrams, individually and in his capacity as an | |

1

employee of Paradise Valley Unified School District, and Jane Doe Abrams, individually; Erin Maloney, individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Maloney, individually; Dana Zupke, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Zupke, individually; Matthew Hanshaw, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hanshaw, individually; Corey Newland individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Newland; John Does I-X, individually, Jane Does I-X, ABC Corporations I-X and XYZ Partnerships I-X,

     Defendants.

(Honorable Diane J. Humetewa)

The Plaintiffs, by and through undersigned counsel, hereby respond to the Defendants' Motion to Dismiss by requesting this Court deny same. This Response is supported by the reasons set forth in the following Memorandum of Points and Authorities. **Moreover, if the Court determines, for whatever reason, that there is a deficiency in the facts pled, the Plaintiff would request leave to file an amended complaint.**

RESPECTFULLY SUBMITTED this 8th day of September, 2025.

**DANIEL R. RAYNAK, P.C.**

By:*/s/ Daniel R. Raynak*
Daniel R. Raynak
Attorney for Plaintiffs

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    FACTUAL ALLEGATIONS

The Plaintiff's Complaint alleges the following:

1. On or around October 23, 2024, Plaintiff ED was a victim of a physical assault and harassment by Defendants NM and HF in this matter.  This abuse was conducted by fellow minor students Defendants NM and HF while the minor Plaintiff ED was a student for the Pinnacle High School, a school in the Paradise Valley School District.

2. Plaintiff ED went back to the football field to pick up his belongings while he waited for his mother to arrive, he was crying and upset. Defendant Zupke asked about the incident and Plaintiff ED notified him that Defendants NM and HF were involved. Defendant Zupke then yelled at Defendant NM and the other football players. Defendant Zupke then blamed Plaintiff ED for his senior players missing over ten minutes of practice because they took Plaintiff ED to the Athletic Trainer.

3. On or around October 24, 2024, Defendant Maloney sent an email to Plaintiff Driver with a copy of a clinical report she prepared.

4. On or around October 25, 2024, Plaintiff Driver sent an email to

Defendant Lacombe requesting a meeting with Defendant Lacombe and Defendant Smith to discuss the incident, she informed him of the following:

> On October 23, 2024, Everett was assaulted by two teammates in the locker room between 4:00 and 5:00 PM. He was knocked unconscious and subsequently evaluated by the trainer. After this assessment, he was sent home with a concussion. Following a consultation with our doctor, he was diagnosed with a moderate to severe concussion as a result of the assault.

> Thank you for your attention to this matter. I look forward to your response.

Plaintiff Driver did not receive a response.

5. On or around October 30, 2024, Defendant Maloney examined Plaintiff ED again and sent an email to Plaintiff Driver regarding his condition at the time she stated: "Everett is still reporting a 1/6 headache so because of that I cannot let him do Stage 4 today (non-contact practice). He retook his ImPACT test today and still isn't at his baseline.

6. Also, on or around October 31, 2024, Plaintiff Driver sent a follow-up email to the email she had sent Defendant Lacombe, this email was also addressed to Defendant Smith, and Defendants Abrams and Newland were cc'd.

This is a follow-up regarding the email and formal meeting request

that was sent on Oct. 25th. I would like to formally request a meeting regarding the assault that took place on October 23rd in the school locker room.

I have spoken with the athletic director, David Abrams, and I want to follow up on our conversation from Monday, October 28th.

Mr. Abrams informed me that he would allow the coaches to handle the discipline of any students involved. He also mentioned that he would investigate further after our discussion and would get back to me no later than Tuesday, October 29th. However, I have not received any callback or follow-up to date. I am formally requesting the written report that was completed on the incident that occurred.

None of the students were ever disciplined.

7. On or around November 1, 2024, Defendants Zupke and Abrams called out for Plaintiff ED they walked out of the weight room and Defendant Abrams gave a form and pen for Plaintiff ED to fill out. Plaintiff ED sat down with the form but felt unsure, he sent a text to his mother asking if it was okay to fill it out, and she advised him not to without her. Plaintiff ED looked for Defendant Abrams as he had walked away and found him in the weightroom with the class and told him that he couldn't fill out the form at this time and Defendant

Abrams said "what do you mean you can't do the form", Plaintiff ED explained that his mom told him to wait and they'll do it together, Defendant Abrams then turned and told Defendant Zupke out loud and mockingly: "Did you hear that Coach, he can't do this without his mommy". Defendants Abrams did speak this in front of the class, who all stared at Plaintiff ED.

8. Plaintiffs believe, and therefore aver, that at no time did any of the Defendants, including but not limited to the Defendant school district, report the physical assault by Defendants NM and HF to law enforcement.  The school resource officer, Officer Jordan Russel, on information and belief, has denied that he was ever notified of the abuse, or notified to the extent that the actions were reportable as a matter of law.

## II.   LAW AND ARGUMENT – PRIVATE VIOLENCE

The Defendants argue that the State **generally** does not have a constitutional duty to protect individuals against private violence. However, there are exceptions to that general rule.  In *Patel v. Kent School District* 648 F.3d 965, 974-976 (9th Cir. 2011), the Ninth Circuit case noted two exceptions to that rule, citing *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, (1989).  The first of the two exceptions, the creation of a special

relationship, does not apply as the minor Plaintiff was not in custody.

The second exception to the general rule that the minor Plaintiff did not have a constitutional right to protection against private violence is the "state created danger" exception. Under that exception, a state actor, the school district here, can be held liable for dangers which it, through its employees, created.  The requirement for meeting this exception is two-fold:  First, the Plaintiff must show that the school district engaged in "affirmative conduct" which "(placed) the plaintiff in danger."  The second requirement is that the Defendant engaged in "'deliberate indifference' to a 'known or obvious danger'" *Patel, supra,* at 974.

As to the first requirement, that the state actor placed the child in danger by its affirmative conduct, the facts demonstrate that the school officials permitted the perpetrators of the egregious conduct to continue to participate in the school sponsored activities after having been alerted to their criminal conduct towards the minor Plaintiff.  Had the school district prohibited the minor defendants from playing football at Chandler high school, the concern for additional physical harm would not have occurred. Furthermore, had the Defendant school district expelled the perpetrators, the minor Plaintiff would not have been subjected to his continued fear of additional physical injury being meted out by the minor student Defendants.  The Plaintiff, based on the failure to protect him

from further violence, transferred schools out of fear of additional attacks.

As to the issue of deliberate indifference, in *Patel* summary judgment was affirmed because the teacher did not know of any immediate risk to the student, and the teacher was very proactive in trying to protect the student. While an argument can be made that the coaches and administrative officials here did not know about the initial abuse of the minor Plaintiff until it occurred, there is no question that they displayed deliberate indifference thereafter.  This failure to act is far beyond the "lapse of judgment" noted in the *Patel* decision.  (Id. at 976)

The facts set forth above are inapposite to the facts reviewed by the *Patel* Court.  In Patel, the teacher's decision to permit the subject special needs student to use the bathroom unsupervised was supported by logical reasoning supported by the school's mandate to prepare special needs students for the outside world.  Therefore, the teacher did not take an affirmative step which would necessarily place the student in danger.  Furthermore, that teacher took extraordinary steps to attempt to protect the student, and in so doing, fatally undercut the claim that she was deliberately indifferent to the student's safety. Here, the Defendant's school officials placed the minor Plaintiff in danger by not eliminating the source of known danger to the student; to wit, by not barring the perpetrators from participating in the football program, and by not expelling

those students from the school.  Under the Defendants' theory, the State would never be responsible for any injuries/bullying/intimidation meted out against a student.  For instance, if a child was repeatedly bullied in the classroom, with a teacher present, under the Defendants' theory, the school would have no responsibility to protect the student if the bullying was coming from another student, a private actor.

However, and most importantly, school officials did engage in an affirmative act in mocking the minor Plaintiff in front of the football team, letting the team, and the minor students Defendants know that they were not taking this matter seriously, despite the fact that the minor Plaintiff suffered a concussion.  In short, the minor student Defendants were advised they were being given a free pass.  There is no question but that action "greatly increased the risk of harm" to the minor Plaintiff.  *See DeShaney v. Winnebago Cnty Dept of Social Services,* 489 U.S. 189 (1989) and Patel.

With physical and emotional hazing on the rise throughout the county, and in Arizona, especially related to team sports, and most specifically, football players, the failure to properly monitor the locker room before and after practices, nor to take any remedial steps for more supervision after the minor Plaintiff suffered a concussion, is the very definition of deliberate indifference.

The Defendants also argue that there is no due process violation, but that is

not accurate.  The Defendants argued that "As for the Fourteenth Amendment's procedural due process protections, in order to succeed on that claim the person who alleges the violation must prove "(1) a protectible liberty or property interest …; and (2) a denial of adequate procedural protections." *Howe v. County of Mendocino*, No. 21-16665 (9th Cir. 2022), *quoting Thornton v. City of St. Helens*, 425 F.3d 1158, 1164 (9th Cir. 2005). Plaintiff ED must also show that the school did not afford him "adequate procedural rights prior to depriving [him] of that protected interest." 203 F.Supp.3d at 880, *citing Gunasekera v. Irwin*, 551 F.3d 461, 467 (6th Cir. 2009)." (Motion, pg. 7, lines 14-20). The protectable liberty interest is to be free from additional harm.  The denial of adequate procedural protections occurred when this matter was not reported to law enforcement, despite the fact that a crime was committed by multiple students against the minor Plaintiff.

Moreover, and most importantly, there was not adequate supervision in the locker room, which led to the assault.  There is no justification for failure to properly supervise and control the locker room, in light of the increasing violence noted by hazing and other acts of violence, especially with high school football players.  The School Defendants' contention that "Finally, and fundamentally, Plaintiff ED has not identified any action any of the School District Defendants could have taken that would have prevented the shoving incident in the locker

room." (Motion, pg. 9, lines 19-21). Adequate supervision could have, should have, and most undoubtedly would have prevented this incident. Classrooms have teachers in them at all times for a reason, yet there is not even a claim that there was any supervision, let alone adequate adult supervision in the locker room.

**COUNT I**

The Plaintiffs affirmatively pled the following:

A. Notwithstanding the foregoing, the Defendants, and each of them: failed to properly investigate the information that they had in their possession regarding the aforementioned attack;

B. failed to take any corrective action against the individual Defendants; and

C. otherwise failed to take any steps to ensure that the minor Plaintiff would not be subject to attacks of the type described above in the future.

The Defendants don't even attempt to argue that they failed to investigate, failed to take corrective action, nor did they attempt to protect the minor Plaintiff from future harm. The School Defendants did nothing, leaving the minor Plaintiff to fear for his physical safety on an ongoing, daily basis.

The Defendants also try to claim that no school policy is outlined as having not been followed, all of the employed Defendants are mandatory reporters, a student was assaulted and severely injured, and the police were never notified. Reporting of any physical harm against a student, any crime

against a student, is part of not only the school policy, and the district policy, but is also State law.  The Defendants avoid mentioning this failure in their argument because they have no logical way to argue against this failure to report.  A motion to dismiss can address any and all counts yet the School Defendants don't even attempt to argue that they did not fail in their duty to report this assault.

**COUNT II**

The Defendants argue that the Plaintiffs cannot succeed in their claims under the *Monell* doctrine.[1]  The Plaintiffs here can succeed on their claims under the *Monell* doctrine if the Defendant's failure to train their employees amounts to deliberate indifference to the rights of the person involved.  *See, Flores v. County of L.A.,* 758 F.3d 1154, 1158-59 (9th Cir. 2014).  The School District clearly failed to train its employees on the proper measures necessary to protect the minor Plaintiff, and furthermore, to report the crime committed against the minor Plaintiff.  The school employees were required to report the crime and did not.

Moreover, the failure to supervise the locker room, known for the potential of violent behavior, demonstrates a failure to train.  There have been a series of

---

[1] *Monell v. N.Y. Dept. of Soc. Services,* 436 U.S. 658, 692 (1978)

documented incidents in Maricopa County, some resulting in criminal charges against football players who assaulted other football players. To allow a student to be pushed around, and then punched, without any supervision, is the very definition of failure to supervise, which clearly comes from a failure to train.

**COUNT III**

The minor Plaintiff was clearly subjected to a hostile educational environment. Any argument by the Defendants to the contrary simply lacks merit. Moreover, based on the coach's mocking comment to the minor Plaintiff, witnessed by at least one other coach and the various members of the football team, demonstrates that this was a hostile environment.

**COUNT IV**

The crime was never reported. One of the perpetrators was the head coach's son. Despite repeated efforts by the Plaintiffs to have the school take action, this matter was never reported, although clearly a crime was committed. Again, there was a clear conspiracy not to report the crime, and thus the Defendants have no basis to have that particular Count dismissed. Multiple School Defendants were apprised of the situation, requested that they take action, and they took none. A clear conspiracy not to do their duty, under state law, to report this crime has been demonstrated. When multiple state actors are aware of their duty to act, and none of them do so, after consulting with each other, a conspiracy is demonstrated to

exist.

**CONCLUSION**

The Court should deny the motion based on all of the foregoing.  The actions and inactions/failures to act of these School Defendants have been properly pled and set forth in detail.  Perhaps the only matter that could have been pled with more specificity was the continued harassment of the minor Plaintiff, and his genuine fear of another attack.  If this is the missing information, then the request is for leave to file an amended complaint.

RESPECTFULLY SUBMITTED this 8th day of September, 2025.

**DANIEL R. RAYNAK, P.C.**

By:*/s/ Daniel R. Raynak*
Daniel R. Raynak
Attorney for Plaintiffs

**I hereby certify that on September 8, 2025, I Electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for Filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:**

The Honorable Diane J. Humetewa
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 523
401 West Washington Street, SPC 81
Phoenix, AZ 85003-2156
humetewa_chambers@azd.uscourts.gov

Mr. Bradley R Jardine
Jardine, Baker, Hickman & Houston, PLLC
3636 North Central Avenue, Suite 560
Phoenix, Arizona 85012
bjardine@jbhhlaw.com
*Attorney for Defendants*: Paradise Valley Unified School District; David Franklin and Kelwin Franklin, Dr. Chad Smith and Jane Doe Smith, Patrick Hurley and Jane Doe Hurley, Corri Lacombe and John Doe Lacombe, David Abrams and Jane Doe Abrams, Dana Zupke and Jane Doe Zupke, Matthew Hanshaw and Jane Doe Hanshaw, Corey Newland and Jane Doe Newland