Bradley R. Jardine, AZ State Bar No. 005657
**JARDINE, BAKER, HICKMAN & HOUSTON, P.L.L.C.**
3636 North Central Avenue, Suite 560
Phoenix, Arizona 85012
Phone:  (602) 532-5230
Facsimile:  (602) 200-9114
e-mail:  bjardine@jbhhlaw.com

*Attorney for PVUSD District Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ED (minor); Shannon Driver, mother,<br><br>Plaintiffs,<br>-vs-<br><br>Paradise Valley Unified School District; NM (a minor); Erick Molina; Mandelyn Molina; HF (a minor): David Franklin, individually and in his capacity as an employee of Paradise Valley Unified School District, and Ke1win Franklin, individually; Dr. Chad Smith, individually and in his capacity as employee of Paradise Valley Unified School District, and Jane Doe Smith, individually; Patrick Hurley, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hurley, individually; Corri Lacombe individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Lacombe, individually; David Abrams, individually and in his capacity as an employee of Paradise Va1ley Unified School District, and Jane Doe Abrams, individually; Erin Maloney, individually and in her capacity as an employee of Paradise Valley Unified School District, and John Doe Maloney, individually; Dana Zupke, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Zupke, individually; Matthew Hanshaw, individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Hanshaw, individually; Corey Newland individually and in his capacity as an employee of Paradise Valley Unified School District, and Jane Doe Newland; John Does I-X, individually, Jane Does I-X, ABC Corporations I-X and XYZ Pai1nerships I-X,<br><br>Defendants. | No. 2:25-cv-02412-DJH<br><br>**SCHOOL DISTRICT DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** |

- 1 -

School District Defendants respectfully reply in support of their Motion to Dismiss. Plaintiffs' response strikingly confirms the validity of Defendants' motion. Plaintiffs fail in their attempt to transform a state negligence claim into a federal constitutional claim. As the United States Supreme Court has noted: "[T]he Fourteenth Amendment … does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 202 (1989).

Not surprisingly, Plaintiffs fail to cite any case authority supporting their arguments because none exists. Instead, they largely rely on Defendants' cited authority, but those cases do not support Plaintiffs' arguments. Plaintiffs also cite inapposite authority and then misstate the holdings of that inapposite authority. The inescapable conclusion is that Plaintiffs' Complaint should be dismissed.

## MEMORANDUM OF POINTS AND AUTHORITIES

**ARGUMENT**

Plaintiffs begin their argument section with the heading "Law and Argument – Private Violence." (Response ("R") at 7). With all due respect, what does that even mean? Plaintiffs cite no case holding there is a constitutional right called "Private Violence." Plaintiffs cite no case discussing any doctrine called "Private Violence." Plaintiffs appear to characterize the shoving incident between the boys as "Private Violence" despite the fact that the cases do not characterize any behavior as such. The heading adds nothing to any valid argument but instead signals the futility of the argument Plaintiffs present by playing with language and rhetoric rather than focusing on the applicable principles of law.

**I.    COUNT I (DUE PROCESS) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### A.    Substantive due process.

In light of the arguments made, it appears Plaintiffs are addressing the Fourteenth Amendment's right to substantive due process in the section captioned "Law and Argument – Private Violence". Of course, if that is the argument they are making, it belongs in the section addressing Count I of their Complaint. Unfortunately, Plaintiffs' rambling response is disorganized in its attempt to find a federal question to raise. Plaintiffs fail to find that federal question.

Plaintiffs do not dispute the legal fact that the District generally has no duty to protect students from the actions of other students or other third parties. (R at 7). Plaintiffs admit that the first exception to that rule (duty to protect exists if state has custody) does not apply because, as they admit, Plaintiff ED was not in the District's custody. (R at 7-8). Plaintiffs then incorrectly argue the second exception to that rule (state-created danger) applies. (R at 8-12).

Plaintiffs misstate and misapply this second exception. (R. at 8). A state may have a duty to protect individuals from third parties "when the state affirmatively places the plaintiff in danger by acting with 'deliberate indifference' to a 'known or obvious danger'."[1] *Patel v. Kent School Dist.*, 648 F.3d 965, 971-972 (9th Cir. 2011).[2] This "state-created danger exception"

---

[1] This is misstated in Plaintiffs' Response where Plaintiffs claim that under the second exception "a state actor, the school district here, can be held liable for dangers which it, through its employees, created." (R at 8). In addition to not properly stating the second exception, this statement incorporates elements of municipal liability that are incorrect, basing municipal liability on *respondeat superior*. It also conflates "dangers" with "injuries". A defendant is typically not liable for creating a danger in the absence of someone suffering an injury. The entire sentence is legally nonsensical, unsupported and misleading.

[2] In *Patel*, the plaintiff brought a lawsuit against the school district because her developmentally disabled high-school student had several sexual encounters with another developmentally

applies only where two requirements have been met: (1) where "there is 'affirmative conduct on the part of the state in placing the plaintiff in danger'," and (2) where "the state acts with 'deliberate indifference' to a 'known or obvious danger'." *Patel*, 648 F.3d at 974. The *Patel* court did not address the first requirement because the plaintiff in that case failed to establish the second requirement.

"Deliberate indifference is 'a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Patel*, 648 F.3d at 974. "[D]eliberate indifference requires a culpable mental state." *Id*. "The state actor must 'recognize[] [an] unreasonable risk and actually intend[] to expose the plaintiff to such risks without regard to the consequences to the plaintiff'." *Id*. "[T]he defendant 'knows that something *is* going to happen but ignores the risk and exposes [the plaintiff] to it'." *Id*. "[M]ere negligence – or even gross negligence – is not enough for deliberate indifference." 648 F.3d at 976.

Analysis of Plaintiffs' Complaint reveals that this impromptu shoving match falls far short of alleging facts sufficient to allow any reasonable factfinder to infer that Plaintiffs can meet either requirement.

### 1. No allegation of state affirmative conduct placing Plaintiff ED in danger.

Plaintiffs briefly reference this factor in their claims that if the school district had taken action different from what it allegedly took following the shoving incident, Plaintiff ED would not have had a "concern for additional physical harm" and would not have had a "fear of

___

disabled student in a school bathroom. 648 F.3d at 968. The plaintiffs claimed the student's Fourteenth Amendment right to due process was violated because the teacher failed to supervise the student in the bathroom. *Id*.

additional physical injury" which led him to transfer schools. (R at 8-9). Plaintiffs have <u>not</u> cited any case holding that fear of hypothetical future attacks rises to the level of a substantive due process claim and Defendants have not found one. Plaintiffs have <u>not</u> cited any case holding that fear of hypothetical future attacks is a protected liberty interest under the Fourteenth Amendment. Finally, Plaintiffs have <u>not</u> alleged any "affirmative conduct" but rather have alleged *a lack of the conduct they wanted*. But their desire for public discipline of another student neither creates a federal cause of action nor meets the affirmative conduct element clearly required by the *Patel* decision.

Most tellingly with regard to the affirmative conduct requirement, Plaintiffs state the "School Defendants did nothing, leaving the minor Plaintiff to fear for his physical safety on an ongoing, daily basis." (R at 12).[3] Failure to take action is the opposite of affirmative conduct creating a danger.[4] Plaintiffs' Count I fails to state a claim upon which relief can be granted.

### 2. There is no allegation the District acted with "deliberate indifference" to a "known or obvious danger."

Plaintiffs repeatedly allege in conclusory fashion that Defendants acted with deliberate indifference. However, they have not alleged any facts from which a reasonable factfinder could infer any Defendant acted with deliberate indifference to a known or obvious danger. At

---

[3] Such emotionally charged words are found nowhere in Plaintiffs' Complaint. The truth is precisely to the contrary.

[4] Plaintiffs also rely upon their allegation that Defendants allegedly had a duty to report the shoving incident to police and did not. (R at 12-13). They claim Defendants "avoid mentioning this failure in their argument because they have no logical way to argue against this failure to report." Defendants did not mention this allegation specifically in their motion because it is a state tort allegation. It again falls within the multiple allegations of a "failure to act" which does not support a constitutional claim. Only "affirmative conduct" supports a constitutional claim. Plaintiffs have not and cannot allege any affirmative conduct that supports a constitutional claim.

most, Plaintiffs allege certain things happened and other things did not happen after the shoving incident. They have not alleged any fact from which a reasonable juror could find "a municipal actor disregarded a known or obvious consequence of his action." *Patel*, 648 F.3d at 974. They have not alleged any fact from which a reasonable juror could infer a "culpable mental state." *Id*. They have not alleged that any District Defendant "recognize[d] [an] unreasonable risk and actually intend[ed] to expose the plaintiff to such risks without regard to the consequences to the plaintiff." *Id*. They did not allege facts arguably supporting the conclusion that any District Defendant knew "that something *is* going to happen but ignore[d] the risk and expose[d] [the plaintiff] to it.'" *Id*. (italics in original). "[M]ere negligence – or even gross negligence – is not enough for deliberate indifference." 648 F.3d at 976.

Plaintiffs argue "the Defendant's school officials placed the minor Plaintiff in danger by not eliminating the source of known danger to the student; to wit, by not barring the perpetrator from participating in the football program, and by not expelling those students from the school." (R at 9-10). That is, according to Plaintiffs, Defendants failed to take disciplinary action they thought should have been taken. Nothing in that allegation, even if accepted as true, supports an inference that any Defendant disregarded a known or obvious consequence of his action. Nothing in that allegation supports a finding that any Defendant knew that something *is* going to happen but ignored the risk and exposed Plaintiff ED to it. In fact, nothing happened. In fact, Plaintiff ED was not exposed to danger as a result of Defendants not taking the action Plaintiffs wished had been taken.

Plaintiffs go beyond the bounds of their Complaint in their discussion of a statement allegedly made by one District Defendant to another District Defendant. (R at 10). In ¶ 37 of the Complaint Plaintiffs allege that Defendant Abrams gave Plaintiff ED a form to fill out.

Plaintiff ED texted his mother who told him not to fill out the form. Plaintiff ED then went to look for Defendant Abrams and found him with the class in the weightroom. Plaintiff ED then told Defendant Abrams his mother had told him not to fill out the form. Defendant Abrams then allegedly told Defendant Zupke "Did you hear that Coach, he can't do this without his mommy." Plaintiff ED then alleges Defendant Abrams made the statement in front of the class, who all stared at Plaintiff ED.

Plaintiffs' response adds allegations that by engaging in the alleged conduct Defendants conveyed to all of the students that they were not taking this matter seriously; that the minor Defendants involved were being given a free pass; and that this "greatly increased the risk of harm" to Plaintiff ED. (R at 10). Even if these allegations had been pled, they do not rise to the level of affirmative conduct placing Plaintiff ED in danger. Nothing happened after the statement was made.

Plaintiffs' Complaint does not dive into the alleged state of the country or alleged physical and emotional hazing on team sports and accordingly those allegations need not be accepted as true. (R at 10). However, even if they were accepted as true, Plaintiffs once again allege only the failure to act, e.g., "the failure to properly monitor the locker room before and after practices" and the failure to "take any remedial steps for more supervision after the minor Plaintiff suffered a concussion." Plaintiffs conclude those alleged "failures to act" show deliberate indifference (R at 10), but they can't and don't: no one can infer any of Defendants' mental states *prior to the time Defendants acted* from Defendants' alleged failure to act afterwards. That would be complete and inadmissible conjecture. According to the Complaint there was one shoving incident. The Complaint contains no allegation of any danger created by the District Defendants through affirmative conduct to which Plaintiff ED was exposed causing

him harm.

Nothing in the Complaint allegations or the additional unsupportable allegations in the response states a claim for substantive due process upon which relief can be granted.

### B.    Procedural due process.

With respect to procedural due process, Plaintiff ED alleges that the "protectable liberty interest is to be free from additional harm." (R at 11). Once again, Plaintiff ED has failed to cite any case that states that he has a constitutionally protected interest to be free from additional harm when there was no additional harm. He seems to believe that he has a constitutional liberty interest to be free from his fear, worry, and/or hurt feelings. Such an unprecedented broadening of the scope of the constitutional liberty interest cannot be created or acknowledged where none exists.

Plaintiff has not cited a single case suggesting, much less holding, that allegedly inadequate supervision in the locker room before or after the shoving incident constitutes the deprivation of procedural due process. (R at 11-12). Adequate supervision does not meet the definition of due process which involves notice, evidence, and a hearing. *Hill v. Blount County Board of Education*, 203 F.Supp.3d 871, 880 (E.D.Tenn. 2016), *citing Goss v. Lopez*, 419 U.S. 565, 581 (1975). Again, Plaintiffs slide into the language of state tort claims rather than appropriately focusing on the essential elements of a constitutional claim.

## II.    COUNT II (MUNICIPAL LIABILITY) FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

In this argument, Plaintiffs make an incorrect statement of constitutional law and may be seeking to mislead the Court. They erroneously claim that they can "succeed on their claims under the *Monell* doctrine if the Defendant's failure to train their [sic] employees amounts to

deliberate indifference to the rights of the person involved." (R at 13). The Ninth Circuit case Plaintiffs' cite actually states: "Neither state officials nor municipalities are vicariously liable for the deprivation of constitutional rights by employees." *Flores v. County of L.A.*, 758 F.3d 1154, 1158 (9th Cir. 2014), *citing Monell*. There is no vicarious liability under *Monell* or *Flores*. There is no liability based upon the doctrine of *respondeat superior* under *Monell* or *Flores*. Plaintiffs find no support under the *Monell* doctrine.

*Flores* holds "'the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact'." *Id.*, *citing City of Canton v. Harris*, 489 U.S. at 388. In order to prove a claim for municipal liability based upon failure to train, Plaintiffs "must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality in order to prevail on a failure to train claim'." *Id.*, *citing Price*, 513 F.3d at 973. It is given that there must be a causal nexus between the failure to train and the injury.

Neither Plaintiffs' Complaint nor Plaintiffs' response contain any allegation that the School District made a conscious or deliberate choice about training. Plaintiffs failed to allege any facts about the training that was provided, much less allege facts showing that the training deprived Plaintiff ED of any constitutional rights. Plaintiffs simply conclude that the District "clearly failed to train its employees on the proper measures necessary to protect the minor Plaintiff, and furthermore, to report the crime committed against the minor Plaintiff." (R at 13).[5]

Plaintiffs further claim "the failure to supervise the locker room, known for the potential

of violent behavior, demonstrates a failure to train." (R at 13). There is no allegation in the Complaint that the locker room was "known for the potential of violent behavior." There are no factual allegations that any such incidents had ever occurred prior to the shoving incident in which Plaintiff ED was involved. Accordingly, these empty and conclusory allegations cannot be assumed to be true. Moreover, even if assumed to be true, there are no factual allegations that support a finding that the District made a conscious or deliberate choice regarding training its employees with respect to supervision in the locker room, much less a conscious or deliberate choice that then caused the alleged deprivation of Plaintiff ED's constitutional rights.

Plaintiffs' Count II fails to state a claim upon which relief can be granted.

**III.    COUNT III (TITLE IX) OF PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiffs' response appears to believe that Title IX applies to "hostile educational environments." (R at 14). Plaintiffs did not read Title IX. It applies to actions taken "on the basis of sex." Plaintiffs have not alleged any discrimination against Plaintiff ED on the basis of sex. The claim fails as a matter of law.

**IV.    COUNT IV (CONSPIRACY) OF PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Here again, Plaintiffs have not cited a single case supporting the proposition that they have stated a valid claim for conspiracy that violated Plaintiff ED's Fourteenth Amendment rights to due process. They fall back on state tort allegations in a futile attempt to find support for a federal question where there is none. They fail to state a claim upon which relief can be granted.

---

[5] The confusing conflation of theories is evident from an allegation of inadequate training and failure to report in the same sentence.

## V.   ANY AMENDMENT WOULD BE FUTILE.

Plaintiffs have not pointed to any facts not alleged in their Complaint which, if included in their Complaint, would cure these fundamental jurisdictional defects.  Accordingly, this Court should deny Plaintiffs' request that they be granted leave to try to cure the defects.

**CONCLUSION**

Based upon the foregoing, School District Defendants respectfully request this Court dismiss this lawsuit.

DATED this 15ᵗʰ day of September, 2025.

JARDINE, BAKER, HICKMAN & HOUSTON, P.L.L.C.


By:   s/ Bradley R. Jardine
Bradley R. Jardine
3636 North Central Avenue, Suite 560
Phoenix, Arizona 85012
*Attorneys for PVUSD District Defendants*


**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to those attorneys registered with CM/ECF:

Daniel R. Raynak
Daniel R. Raynak, P.C.
2601 N. 16ᵗʰ Street
Phoenix, AZ 85006
dan@raynaklaw.com
*Attorneys for Plaintiffs*

s/Chris Czajkowski