**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Driver, | No. CV-25-02412-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Paradise Valley Unified School District, et al., | |
| Defendants. | |

On September 3, 2025, Paradise Valley United School District Defendants ("School District Defendants") filed a Motion to Dismiss attacking the sufficiency of Plaintiff's federal claims and seeking dismissal for lack of subject matter jurisdiction.[1]  (Doc. 10). The Motion is fully briefed.  (Docs. 12 & 13).  Two other Motions pending on the docket are also fully briefed.  The first is a "Motion to Quash Service of Summons and Complaint and Motion to Dismiss for Lack of Personal Jurisdiction" filed by Individual Defendants Corey Newland ("Newland") and Jane Doe Newland, Dana Zupke ("Zupke") and Jane Doe Zupke, David Abrams ("Abrams") and Jane Doe Abrams, Dr. Chad Smith ("Smith") and Jane Doe Smith, Matthew Hanshaw ("Handshaw") and Jane Doe Hanshaw, and Patrick

---

[1] Defendants do not clarify in their Motion to Dismiss which Defendants constitute the moving "School District Defendants." The counsel of record that filed the Motion to Dismiss on behalf of the School District Defendants represents Paradise Valley United School District, David Franklin, Kerwin Franklin, Chad Smith, Unknown Smith, Hurley, Unknown Hurley, Corri Lacombe, Unknown Lacombe, David Abrams, Unknown Abrams, Dana Zupke, Matthew Hanshaw, Unknown Hanshaw, Corey Newland, and Unknown Newland.  The Court will thus construe these Defendants to be the School District Defendants. Defendant Erin Maloney has her own representation and will not be considered a part of the School District Defendants for purposes of this Motion.

Hurley ("Hurley") and Jane Doe Hurley (collectively, "Individual School District Defendants"). (Doc. 41). Defendant Erin Maloney ("Maloney") has also filed a Motion to Quash Service of Summons and Complaint and to Dismiss for Lack of Personal Jurisdiction. (Doc. 43).

## I.    Background

Driver alleges that her son, ED, still a minor, was assaulted in a locker room before football practice. (Doc. 1 at ¶¶ 27–28). She says that one boy pinned her son to the wall, and another punched him in the head. (*Id.* at ¶ 28). According to Driver, the blame does not end with her son's alleged assailants. After the assault, she says her son sought help from a revolving door of adults—all of whom failed him. First, he spoke to his coach, Hanshaw, about what happened . (*Id.* at ¶ 29). Then, he spoke to the athletic trainer, Maloney, who examined him for a concussion. (*Id.* at ¶ 30). Maloney called Driver to take ED home and provided an information packet about concussions. (*Id.*) While ED waited for Driver, he also told Zupke, another coach and physical education teacher, about the incident. (*Id.* at ¶ 31). Driver says she then emailed Lacombe and Dr. Chad Smith, the Dean of Students and Principal respectively, about what happened to ED. (*Id.* at ¶ 33). About five days later, after no response to her original email, Driver sent another email about the incident, this time to Athletic Directors Abrams and Newland. (*Id.* at ¶ 36). She also says that she reported the incident to the Phoenix Police Department. (*Id.* at ¶ 38).

Unhappy with the lack of investigation by the school into the incident, on July 10, 2025, Driver brought a ten-count Complaint against Defendants. (*Id.* at ¶¶ 51–113). Plaintiff avers that all Individual Defendants were served on July 31, 2025. (*See* Docs. 16–28). On September 10, 2025, School District Defendants moved to dismiss Plaintiff's entire Complaint for lack of subject matter jurisdiction, arguing that Plaintiff fails to sufficiently allege any federal claims against them. Individual School District Defendants subsequently filed a second Motion to Dismiss for insufficient service on November 6, 2025. (Doc. 41). Maloney's Motion to Dismiss for insufficient service was filed on November 12, 2025. (Doc. 43).

The Court's rulings on these Motions and the reasoning follows.

## II.    Motions to Dismiss for Insufficient Service

The Court denies the School District Defendants' Motion to Dismiss for insufficient service as untimely and waived.  The Court will grant Maloney's request to quash service as to her but allow Plaintiff a short extension of time to effectuate proper service upon her.

Courts generally cannot exercise personal jurisdiction over a defendant who has not been properly served with (or waived process of) service.  Under Federal Rules of Civil Procedure 12(b)(4) and (5), a court may dismiss a suit or claim for insufficient process and insufficient service of process, respectively.  Fed. R. Civ. P. 12(b)(4), (5). "Once service is challenged, [Plaintiff] bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Rule 12(b)(4) was designed to "challenge irregularities in the contents of the summons." *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *rev'd on other grounds by* 487 U.S. 412 (1988). A Rule 12(b)(5) motion is used to challenge the mode of delivery or lack of delivery of the summons and complaint. *See, e.g., Crane v. Battelle*, 127 F.R.D. 174,177 (S.D. Cal. Aug. 4, 1989).  Notably,

> Rule 12 promotes the early presentation of preliminary defenses. Rule 12(g) requires that a party who raises a defense through a pre-answer motion raise all such possible defenses in a single motion; omitted defenses cannot be raised in a second, pre-answer motion. Rule 12(h) imposes an even higher burden with respect to the failure to raise certain specific defenses, including insufficiency of process, and insufficiency of service of process. If a party files a pre-answer motion, but does not raise one of the defenses listed in Rule 12(h), that party waives the omitted defense and cannot subsequently raise it in his answer or otherwise.

*Sunnergren v. Ahern*, 2010 WL 4366189, n.1 (N.D. Cal. Oct. 27, 2010) *citing Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (9th Cir. 1986), *reversed on other grounds*, 487 U.S. 412 (1988).

Although neither party specifies which subsection of Rule 4 they are moving under, both Individual School District Defendants and Malony object to the manner in which they were served.  They claim that Plaintiff's certificates of service all state that service of the

Complaint and Summons was "receive by Corri Lacombe," who represented "she was authorized to accept service. . . as she is the dean of students." (Docs. 16–28). Defendants attach a declaration from Lacombe contesting this representation and clarifying that she did not and has never had authority to accept service for the individual Defendants. (Doc. 42 at 2). Plaintiff responds by pointing to the process server's affidavit of service, which indicates that Lacombe stated she was authorized to accept service on behalf of the Individual Defendants. (Docs. 44 & 45). Plaintiff says if Ms. Lacombe was mistaken, that is not the process server's fault and good cause exists under these circumstances to extend the time to serve these Defendants.

The Court will deny the Individual School District Defendants' Motion to Quash. (Doc. 41). These Defendants raised a defective service defense for the first time in their November 6, 2025, Motion to Quash, which was filed two months after School District Defendants (a group of which they were included), had already filed a Motion to Dismiss. Nowhere in the Motion to Dismiss is there a protest to the way Driver served these Individual Defendants. Federal Rule of Civil Procedure 12(g) requires that all defenses be raised in a single pre-answer motion and any defense not raised is considered waived. *Id*. Having failed to timely raise this defense, and presumedly on fair notice of the lawsuit when they filed their Motion to Dismiss, School District Defendants, including Individual School District Defendants, have waived their opportunity to contest service. Individual School District Defendants' Motion to Quash service is properly denied.

A different result ensues, however, for Maloney. Maloney's challenge to defective service in her Motion to Dismiss is the first time Maloney has filed a pre-answer motion in this lawsuit. Plaintiff states that the process server was under the mistaken impression that he properly served Maloney when Lacombe represented that she was authorized to accept service on Maloney's behalf. (Doc. 45-1 at 1–3; Doc. 44-1). But if Lacombe was not authorized to accept service on Maloney's behalf, then service was not proper and shall be quashed. *See Iknadosian v. Mahon*, 2014 WL 2548975, at *3 (Ariz. Ct. App. 2014) ("A person may act as an authorized agent to accept service of process only if they are actually

appointed by another person to do so.") (internal quotations omitted).  The Court will credit Lacombe's affidavit that she was not authorized to accept service and quash the certificate as to Maloney.

When service of process is insufficient, the Court is faced with two choices. *O'Haire v. Napa State Hosp.*, 2010 WL 1223197, at *3 (N.D. Cal. Mar. 25, 2010).  The Court can either dismiss the action or quash service and retain the case.  *Id.*  Quashing service is appropriate in cases where there is a reasonable prospect that plaintiff will be able to execute service properly.  *Id.*  Because there appears to be a reasonable prospect that Plaintiff will serve Maloney properly, the Court will quash service of process on Maloney and allow Plaintiff a short extension of time to execute service upon her.  Plaintiff shall provide the Court with proof of service of the Summons and Complaint on Maloney within 30 days of this Order or show cause why Maloney should not be dismissed from this lawsuit.

**III.   School District Defendants' Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "[A]ll well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit Partnership v. Turner Broad. Sys. Inc.,* 135 F.3d 658, 661 (9th Cir.1998). "[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 663. "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

However, "[a] dismissal for failure to state a claim is appropriate only where it

appears, beyond doubt, that the plaintiff can prove no set of facts that would entitle it to relief." *Morley v. Walker,* 175 F.3d 756, 759 (9th Cir.1999). Also, in evaluating a motion to dismiss, a district court need not limit itself to the allegations in the complaint; but may take into account any "facts that are [ ] alleged on the face of the complaint [and] contained in documents attached to the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005).

School District Defendants' Motion to Dismiss will be granted on all counts because the Court finds that Plaintiff has failed to state a claim for which relief can be granted on all four claims.

### A.    Section 1983: Fourteenth Amendment

School District Defendants argue that Driver attempts to disguise a simple tort action as a constitutional claim.  (Doc. 10 at 3).  By repeating the circumstances of an assault between teenagers, School District Defendants say Driver is trying to mold a negligence claim into a constitutionally rooted action.  (*Id.*)  Driver disagrees and says the School District Defendants' failure to "investigate," take "corrective action," and protect ED "from future harm" sufficiently states constitutional violations.  (Doc. 12 at 12).  As pled, School District Defendants' alleged failures are not enough for either a substantive or procedural due process violation under the Fourteenth Amendment. [2]    The Fourteenth Amendment prevents state actors from depriving individuals of life, liberty or property without due process of law.  *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.,* 489 U.S. 189, 196 (1989) (citations and quotation marks omitted).  The rule restrains state

---

[2] As correctly noted by the School District Defendants, Driver does not specify whether she is bringing a substantive or a procedural due process claim under the Fourteenth Amendment on behalf of ED. Even assuming that Driver is bringing a Section 1983 procedural due process claim, Driver has failed to state a claim for which relief can be granted.  A Section 1983 procedural due process claim under the Fourteenth Amendment requires the following: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. *Buckingham v. Sec'y of U.S. Dep't of Agr.,* 603 F.3d 1073, 1082 (9th Cir. 2010). The lack of process requirement enshrines a person's protected right to be given an opportunity to be heard "at a meaningful time and in a meaningful manner" for any infringement on their liberty or property interest.  *Id.* Because Driver has made no meaningful distinction between a substantive or a procedural due process claim and has not adequately or otherwise plead a procedural due process violation, the Court will not consider if Driver's Section 1983 procedural due process claim is viable.

actors from abusing their power or using it as an "instrument of oppression." *Id.* What the rule does not do is require state actors to affirmatively keep people safe from the conduct of private parties. *Id.* at 197. As with most rules, however, there is a significant carveout. The Ninth Circuit has held that state actors can be held liable under the Fourteenth Amendment's Due Process clause when an individual is in state custody and the state creates the danger, otherwise known as the state-created danger doctrine. To prevail, a plaintiff needs to show the following: (1) a state actor affirmatively created or placed the plaintiff in danger he otherwise would not have faced; (2) the danger was "known or obvious;" and (3) the state actor acted with "deliberate indifference" in the face of the known danger. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006). For a plaintiff to place their claims firmly within the sanctuary of this rule, the challenged conduct must be affirmative. *DeShaney*, 489 U.S. at 203. A mere failure to act does not trigger the state-created danger theory. *Id.*

Driver has not stated a claim under the Fourteenth Amendment's due process clause. In the Complaint, Driver states that School District Defendants failed to protect ED from the harm that resulted from the attack in the locker room. Driver describes a lack of initiative to investigate the incident and to prevent the incident from happening again in the future. (Doc. 1 at ¶¶ 43–45). Missing from the Complaint, however, are factual allegations describing how School District Defendants affirmatively placed ED in harm's way such that the state-created danger doctrine applies. The Ninth Circuit has not recognized a state-created danger theory based only on a "public official's failure to detect and prevent student-on-student harassment." *Wormuth v. Lammersville Union Sch. Dist.*, 305 F. Supp. 3d 1108, 1122 (E.D. Cal. 2018). Nor is there precedent for the doctrine to attach when a school fails to punish students who act as assailants. *Id.* Therefore, the Court finds that Driver's Section 1983 substantive due process claim rooted in the Fourteenth Amendment, fails to state a claim. Fed. R. Civ. P. 12(b)(6).

### B.    *Monell* Liability for Failure to Train

School District Defendants state that Driver has failed to allege that a certain policy

or custom was instituted by School District Defendants such that *Monell* liability can attach for a failure to train claim. (Doc. 10 at 8).  Driver argues that failure to supervise the locker room during the time of the attack is sufficient to provide a basis for *Monell* liability.  (Doc. 12 at 13). At this juncture, the Court finds that Driver's allegations insufficiently allege a *Monell* claim against School District Defendants.

Failure to train can constitute a basis for *Monell* liability only where the failure amounts to a deliberate indifference of constitutional rights. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). To make out a case for failure to train, a plaintiff must include enough facts to support a reasonable inference of each of the following: (1) a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference of a constitutional right; and (3) that the constitutional injury would not have occurred if the municipality had properly trained its employees." *Id.* at 1153–54.

Driver's *Monell* claim fails to allege sufficient facts that can allow the Court to reasonably infer that there was a constitutional violation of a municipal training policy. The Court is hard-pressed to uncover any facts in Driver's Complaint that identify the training policy at issue or that the non-identified policy amounted to a deliberate indifference of a constitutional right.  The sparse facts and allegations that are provided are leveled against individuals.  To succeed on a claim premised on failure to train under *Monell*, Driver needed to assert both that School District Defendants chose a training program inadequate to prevent constitutional violations and was deliberately indifferent to the violations. *Hyde v. City of Willcox*, 23 F.4th 863, 874–75 (9th Cir. 2022). The Complaint offers no facts that, strung together, can amount to a reasonable inference that there was failure to train under *Monell* by School District Defendants.  Notably, a sole incident cannot form the basis of a failure to train claim.  *Hyde*, 23 F.4th at 875.  For such a claim to survive, a deficient policy needs to be identified; "an inadequate training policy. . . cannot be inferred from a single incident."[3]  *Smith v. City of Marina*, 709 F. Supp. 3d

---

[3] Driver does state that there have been "a series of documented incidents in *Maricopa County*, some resulting in criminal charges against football players who assaulted other

926, 936 (N.D. Cal. 2024) quoting *Hyde*, 23 F.4th at 875.    Because Driver has failed to identify a specific policy that falls within the confines of a failure to train violation, Driver's failure to train claim under *Monell* will be dismissed.

### C.    Title IX

In few words, Driver also argues that School District Defendants violated Title IX. (Doc. 1 at 24).  School District Defendants points out that Title IX is applicable only in instances where sex-based discrimination has occurred.  (Doc. 10 at 10). The Court agrees with School District Defendants that, as stated, Driver has not set forth a legally cognizable Title IX claim.

At its heart, a Title IX claim can only be based on discrimination due to a person's sex.  20 U.S.C. § 1681(a).  The plain language of the statute requires this result. *Id.*; *see also Parents for Priv. v. Barr*, 949 F.3d 1210, 1228 (9th Cir. 2020).  In other words, a viable claim under Title IX must be sex-based for it to survive.  A school that receives federal funding can be liable for student-on-student harassment but only if the following is true: "(1) the school had substantial control over the harasser and the context of the harassment, (2) the plaintiff suffered harassment so severe that it deprived the plaintiff of access to educational opportunities or benefits; (3) a school official who had authority to address the issue and institute corrective measures for the school had actual knowledge of the harassment; and (4) the school acted with deliberate indifference to the harassment such that the indifference subjected the plaintiff to harassment." *Grabowski v. Arizona Bd. of Regents*, 69 F.4th 1110, 1118–19 (9th Cir. 2023) (cleaned up).

Driver's Title IX claim, as plead, cannot survive a motion to dismiss. For support that School District Defendants committed Title IX violations, Driver alleges that ED was "physically and assaulted by minor Defendants . . . ." (Doc. 1 at 24).  What the Complaint lacks is an allegation that the incident between ED and his classmates was motivated by sex. *O'Yates v. Pluid*, 2025 WL 1616488, at *4 (D. Mont. Feb. 11, 2025), *report and*

football players."  (Doc. 12 at 13) (emphasis added). But Driver makes no mention of incidents specific to School District Defendants, either as to Paradise Valley School District specifically, or the individually named Defendants in this case.

*recommendation adopted*, 2025 WL 1305242 (D. Mont. May 6, 2025). Without that allegation, a Title IX claim, something that can only be tied to a sex discrimination charge, fails to state a claim. Therefore, Driver's Count Three for violation of Title IX will be dismissed.

### D.    Conspiracy under Section 1983 and the Fourteenth Amendment

On its own, conspiracy is not an independent tort under Section 1983. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012). In fact, when a claim is found insufficient under Section 1983, a plaintiff is then precluded from using Section 1983 to frame a conspiracy claim. *See Dooley v. Reiss,* 736 F.2d 1392, 1395 (9th Cir. 1984) (holding that the "absence of an actual deprivation implies that plaintiffs also failed to state a section 1983 claim based on the alleged conspiracy"). Put differently, for there to be a valid Section 1983 conspiracy claim, there must be a valid Section 1983 claim to begin with.

Because the Court previously found that Driver had not sufficiently pleaded a Section 1983 claim, the Court also finds that Driver's conspiracy claim cannot survive. There being no standalone basis for a Section 1983 conspiracy claim, this claim is also dismissed.

## IV.    Leave to Amend

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir. 2008). The Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on [the] part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber*

*Distrib. Co. v. Serv-Well Furniture C*o., 806 F.2d 1393, 1401 (9th Cir. 1986).   In sum, leave to amend "is properly denied [where] amendment would be futile."  *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, the Court will allow Plaintiff to amend her Complaint because it is not absolutely clear that the dismissed claims cannot be saved by *any* amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).   Without these federal claims, the Court is not inclined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  *Williamson v. Las Vegas Police Dep't*, 2022 WL 1747940, at *5 (D. Nev. May 27, 2022).   But the Court finds Defendants' request to dismiss the entire matter prejudice at this juncture.   Plaintiff's federal claims will be dismissed without prejudice and with leave to amend.  If Plaintiff declines to amend her Complaint, the Court will dismiss the case for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that School District Defendants' Motion to Dismiss (Doc. 10) is **granted**. Count One for a 42 U.S.C.  § 1983 violation under the Fourteenth Amendment; Count Two for a *Monell* violation also under 42 U.S.C. § 1983; Count Three for a Title IX violation; and lastly Count Four for Conspiracy under 42 U.S.C.  § 1983 and the Fourteenth Amendment are all dismissed.  Plaintiff may file an amended pleading within **20 days of this Order**.   If Plaintiff does not file an amended pleading within 20 days of this Order, the Clerk shall dismiss this matter for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that School District Defendants' Motion to Quash Summons and Complaint and Motion to Dismiss for Lack of Jurisdiction (Doc. 41) is **denied.**

**IT IS FINALLY ORDERED** that Maloney's Motion to Quash Service of Summons and Complaint and Motion to Dismiss for Lack of Jurisdiction (Doc. 43) is **granted in part**.  The Certificate of Service (Doc. 23) shall be **quashed**.  If Plaintiff files an amended complaint, Driver must serve the Amended Complaint and Summons on Maloney **within 21 days** of the filing of the Amended Complaint, or show cause to the

- 11 -

Court why Maloney should not be dismissed from this lawsuit.

Dated this 6th day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge